Trent Charlton
Emily Charlton
*Plaintiffs in pro per*
[redacted]
Irvine, California 92618
Telephone: (949) 444-6857
Email: macmovieman@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRENT CHARLTON, an individual; EMILY CHARLTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DEBORAH L. PAULY, an individual; LEX REX INSTITUTE, a California non-profit corporation; SHEILA A. CHARLTON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:26-cv-00085-JWH (DFMx)<br><br>**STIPULATION RE: RELEASE OF ADULT PROTECTIVE SERVICES RECORDS; [PROPOSED] PROTECTIVE ORDER THEREON**<br><br>District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>Complaint Filed: January 14, 2026 |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:**

Plaintiffs Trent Charlton and Emily Charlton, appearing pro se (collectively, "Plaintiffs"); Defendants Deborah L. Pauly and the Lex Rex Institute (collectively, "Defendants"), by and through

their counsel of record, Nemecek & Cole; and non-party County of Orange Social Services Agency, Adult Protective Services Division ("APS"), by and through its counsel, the Office of the County Counsel for the County of Orange, voluntarily and with full knowledge and understanding of the provisions stated herein, hereby stipulate and agree as follows:

## RECITALS

WHEREAS, the above-captioned action is pending in the United States District Court for the Central District of California, Southern Division, Case No. 8:26-cv-00085-JWH (DFMx), and arises under federal-question jurisdiction (18 U.S.C. § 1962);

WHEREAS, Plaintiffs have served upon APS a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45 seeking records pertaining to Sheila A. Charlton (DOB [redacted]1942), including APS Report ID 176929, APS Report ID 186006, and related materials (collectively, the "APS Records");

WHEREAS, APS has objected on the basis that the requested records are confidential pursuant to California Welfare and Institutions Code Sections 10850, 15633, 15633.5, 15640, and 15650, and California Evidence Code Section 1040, and may be disclosed only subject to an appropriate protective order;

WHEREAS, under Federal Rule of Evidence 501, questions of privilege in federal-question cases are governed by federal common law, and the parties and APS acknowledge that the California confidentiality statutes cited above are recognized in this federal proceeding as qualified privileges subject to balancing and to the protections afforded by a court-entered protective order;

WHEREAS, Federal Rule of Civil Procedure 26(c) authorizes this Court, upon a showing of good cause, to enter a protective order governing the disclosure and use of confidential information produced in discovery;

WHEREAS, the parties and APS desire to facilitate the production of relevant materials subject to appropriate confidentiality protections and to avoid burdening this Court with motion

practice;

NOW, THEREFORE, the parties and non-party APS hereby stipulate and respectfully request that this Court order as follows:

**STIPULATED PROTECTIVE ORDER**

**1. Permitted Use.** The records produced by APS pursuant to this Protective Order (the "Responsive Records") and any transcripts of testimony related thereto (the "Transcripts") shall be used solely in connection with the above-captioned action, including any associated appellate proceedings and collateral review, and for no other purpose.

**2. No Reproduction; Filing Under Seal.** The parties shall not copy or reproduce any portion of the Responsive Records or Transcripts except where reasonably necessary to submit to this Court or to an appropriate expert. Any Responsive Records or Transcripts submitted to the Court shall be filed under seal in accordance with Local Civil Rule 79-5 of the United States District Court for the Central District of California.

**3. No Third-Party Disclosure.** The Responsive Records and Transcripts shall not be provided to any third party other than (a) the parties to this action, (b) this Court, and (c) experts, investigators, or other third parties whose review is reasonably necessary to the prosecution or defense of this action, provided that any such expert, investigator, or third party first agrees in writing to be bound by the terms of this Protective Order pursuant to Paragraph 5 below.

**4. Redaction of Identifiers.** Prior to production, APS shall redact from the Responsive Records (a) the name(s) of any reporting party or parties and (b) any Social Security numbers, driver's license numbers, financial account numbers, and other personal identification numbers appearing in the Responsive Records.

**4.1 Reserved Right to Seek Reporting-Party Identity.** In the event Plaintiffs reasonably determine, upon review of the Responsive Records, that the identity of any particular reporting party is material to a claim or defense in this action—including, without limitation, where the reporting

party is alleged to be a named defendant, an alleged co-conspirator, or a non-party target of the conduct at issue—Plaintiffs may apply to the Magistrate Judge assigned to this action for in camera review of the unredacted identity. APS and the parties reserve all rights to oppose, support, or take no position on any such application. This Paragraph 4.1 creates no presumption either in favor of or against disclosure of any reporting-party identity, and shall not be construed to limit the protections otherwise afforded by this Protective Order.

**5. Acknowledgment Requirement.** Each person and/or party to whom any disclosure of the Responsive Records or Transcripts is made shall, prior to the time of such disclosure, be provided by the person furnishing the materials with a copy of this Protective Order, and shall agree in writing that he or she has read this Protective Order and understands its provisions. The writing shall also include the person's consent to be subject to the jurisdiction of this Court with respect to any proceeding relating to the enforcement of this Protective Order, including any proceeding for contempt.

**6. Sealing or Return at Conclusion.** At the conclusion of this matter, whether through trial, appeal, collateral review, or other final disposition, all Responsive Records and Transcripts in the possession of any party or any third party who received them pursuant to this Protective Order shall, at APS's election, either (a) be sealed in accordance with Local Civil Rule 79-5, or (b) be returned to APS or destroyed, with written certification of such return or destruction provided to APS within thirty (30) days of the conclusion of the action.

**7. Timing of Production.** The Responsive Records shall be produced by APS upon entry of this Protective Order by the Court, on a rolling basis and on a schedule to be reasonably agreed by APS and Plaintiffs.

**8. Retention of Jurisdiction.** The parties and APS agree that this Court shall retain jurisdiction over any dispute arising out of or relating to this Protective Order, including any dispute concerning the redaction provisions of Paragraph 4 or the reserved rights provisions of Paragraph 4.1.

**IT IS SO STIPULATED.**

Dated: May 11, 2026 /s/ *Trent Charlton*

TRENT CHARLTON, Plaintiff Pro Se

Dated: May 11, 2026 /s/ *Emily Charlton*

EMILY CHARLTON, Plaintiff Pro Se

Dated: ____________, 2026 NEMECEK & COLE

By: ______________________________________

Patrick A. Maher, Esq.

Michael W. Feenberg, Esq.

Attorneys for Defendants Deborah L. Pauly and Lex Rex Institute

Dated: May 13, 2026 OFFICE OF THE COUNTY COUNSEL

COUNTY OF ORANGE

By: ______________________________________

Deborah B. Morse

Senior Deputy County Counsel

Attorney for Non-Party Orange County Social Services Agency — Adult Protective Services Division

**ORDER**

Having reviewed and duly considered the foregoing **STIPULATION RE: RELEASE OF ADULT PROTECTIVE SERVICES RECORDS**, and good cause appearing therefor under Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** that the parties and non-party Orange County Social Services Agency, Adult Protective Services Division, shall comply with the terms of the Stipulation as set forth above.

**IT IS SO ORDERED.**

DATED: August 18, 2026

Hon. Douglas F. McCormick
United States Magistrate Judge